White *v.* Nellis.

———•••———

## WHITE *vs.* NELLIS.

A master can maintain an action for the seduction of his servant, although pregnancy did not follow the illicit intercourse, if there is proof, sufficient to be submitted to the jury, of a loss of service, as the result of the seduction.

THIS was an action of trespass on the case, for debauching and getting with child, Jane, the minor daughter of the plaintiff, and for imparting to her a venereal disease, by means of which the plaintiff lost her services, and was obliged to expend a large sum of money for the expenses of her lying in, &c. and for procuring her cure of said disease. The defend-

ant, by his answer, denied the allegations of the complaint. The cause was tried at the Oswego circuit, in December, 1856. The fact of the illicit intercourse between the defendant and the female, and that he communicated to her a venereal disease, was proved by the girl. It also appeared that she was a minor, and lived with her father, at his house. The physician's bill for curing her of the disease was near $30. There was no proof of pregnancy, or birth of a child. The defendant moved for a nonsuit, on the ground that the relation of master and servant had not been proved, so as to entitle the plaintiff to recover, which motion was denied, and the defendant excepted.

The defendant's counsel asked the court to instruct the jury, 1st. That loss of service from a disorder contracted by the illicit intercourse, was not sufficient ground to sustain the action. 2d. That in this case there was no sufficient proof that the girl's disease was taken from the defendant, she having admitted and proved that she, at about the same time, had connection with two other persons. 3d. That the loss from her pregnancy (if the jury believed it proved) occurred while she was yet in the defendant's service, and would not support the action. The justice charged the jury, refusing the instruction asked for by the defendant, in the first proposition above stated. The court refused to charge as requested in the second proposition, but submitted it as a question of fact to the jury, and instructing them as prayed in the last proposition. And to such refusal to charge as requested, the defendant excepted.

The jury found a verdict in favor of the plaintiff for $500; and from the judgment entered thereon the defendant appealed.

*C. B. Sedgwick*, for the appellant.

*C. Whitney*, for the respondent.

White *v.* Nellis.

*By the Court,* PRATT, J. This case presents the simple question whether a master can maintain an action for the seduction of his servant, in a case where pregnancy does not follow the illicit intercourse. There was in this case proof, sufficient to be submitted to the jury, of a loss of service as the result of the seduction. I think no sufficient reason has been suggested why the action, in such case, will not lie. The wrongful act of the defendant consists in the seduction, and the loss of service constitutes the resulting damage, to recover which the action is brought. If the loss of service actually occurs as the direct and immediate effect of the seduction, I know of no principle of law that should confine the action to cases of pregnancy alone. It is true, that in actions for seduction, pregnancy has generally followed the seduction. There are two reasons for this. In the first place, there is generally no loss of service, except in cases of pregnancy. In the second place, when the seduction is not made public by pregnancy, no probable amount of damages would induce the parents to make public the shame of their daughter, by the commencement of an action in the courts. But when the loss of service has actually been sustained, as the direct effect of the seduction of the child, no suggestion has been made why the action will not lie. The seduction is the wrong, and the loss of service the damage. It is therefore *damnum et injuria* which constitute the proper elements for an action on the case. (3 *Stephens' N. P.* 2353.) When there is no loss of service it is *damnum absque injuria,* and no action will lie.

We have not been referred to any case in which the position taken by the appellant has been sustained. The case of *Knight* v. *Wilcox* (18 *Barb.* 212) was first tried before me, and I nonsuited the plaintiff on the ground that no loss of service was proved resulting directly from the illicit intercourse. My ruling was set aside by the court, at general term, sitting in the 7th district, and the plaintiff, upon a new trial, had a verdict. But the court of appeals eventually sustained my ruling at the circuit. (4 *Kern.* 413.)

In neither court, however, was the ground taken that in no case could the action for seduction be sustained without pregnancy, but the contrary position was assumed in both courts.

In *Manvell* v. *Thompson*, (2 *Car. & Payne*, 303,) the action was sustained when there was no pregnancy. So in *Boyle* v. *Brandon*, (13 *Mees. & Welsby*, 738,) the action was for seduction when there was no pregnancy, and the question was whether there was any loss of service resulting from the seduction proved, and the court thought there was none.

The girl in that case had been seduced and had lived in a state of illicit intercourse with the defendant. He afterwards deserted her, and in consequence of such desertion the girl was distressed in mind and became ill. The chief baron, in his opinion, thought that the desertion, the breaking off of the criminal intercourse, and not the seduction, was the cause of the sickness, and that the plaintiff ought not to recover. It seemed to be assumed, all through the case, that if the distress had resulted from the seduction *itself*, the plaintiff could have sustained his action.

Upon the whole, I think the judgment should be affirmed.

[ONONDAGA GENERAL TERM, April 5, 1859. *Pratt, Bacon, W. F. Allen* and *Mullin,* Justices.]