WM. WHITE, Respondent, v. JAMES M. NELLIS, Appellant.

A parent may maintain an action against the defendant for debauching his minor
    daughter and communicating to her a venereal disease, by which she was
    made sick and unable to labor.

This action is not maintainable upon the mere relation of parent and child; but
    only upon that of master and servant.

To maintain this action, it is not sufficient to prove the seduction merely; but
    the plaintiff must show that a direct injury to his rights as master resulted
    therefrom.

Wherever the wrongful act, by immediate and direct consequence, deprives the
    master of the services of his servant, or injuriously affects his legal rights to
    such service, the law gives the remedy.

It is not sufficient to defeat the plaintiff's right of action, to prove that the
    daughter had had illicit intercourse with two other persons about the same
    time.

THIS was an action in the case for debauching the plain-
tiff's minor daughter, and communicating to her a venereal
disease, by which she was made sick and unable to labor.   It
was tried at the Oswego Circuit in December, 1856, and the
plaintiff had a verdict for $500.

The testimony of the daughter tended to show that she
was seduced by the defendant while she was living at his
house, and had frequent connections with him; that before she
left his house she felt symptoms of the disease of which
she was subsequently ill; that she left defendant's on the
21st day of January, 1856, and went to Sangerfield with one
Loomis, and remained there several days, and while there
had connection with two young men; that she returned to
the plaintiff's house, and was there sick with the gonorrhea
for several weeks, and was unable to work, and was attended
by a physician.

The physician testified that he attended the daughter about
the first of February, and that she was diseased as above stated.
That his bill for medicine and attendance amounted to $30.

There was evidence tending to show the lewd character of
the girl, her sexual intercourse with others, and to throw
discredit upon her testimony.

The defendant's counsel asked the court to instruct the jury: 1st. That loss of service from a disorder, contracted by the illicit intercourse, was not sufficient ground to sustain the action. 2d. That in this case there was not sufficient proof that the girl's disease was taken from the defendant, she having admitted and proved that she, at about the same time, had connection with two other persons.

The justice refused to charge on these propositions as requested, and defendant's counsel duly excepted.

*Sedgwick, Andrews & Kennedy*, for the appellant.

*C. Whitney*, for the respondent.

Davis, J. The plaintiff was bound affirmatively to establish that the disease was communicated to his daughter by the defendant. To do this it would not be sufficient merely to show that defendant and two other persons had had sexual intercourse with her at about the same time, and within a few days prior to the development of the disease. That proof would make a case of conjecture only, that ought not to be submitted to a jury for the exercise of their ingenuity in guessing at possibilities. But there was some slight evidence from the girl tending to show that the symptoms of the disease were manifested before she had the connection with the other persons; and though it would not have been unsatisfactory to me if the court had nonsuited the plaintiff on the ground suggested by the request, yet it was not error to decline to instruct the jury as requested by defendant's counsel. To have adopted the form of his request would not have been a correct presentation of the whole of the girl's evidence; and that is a sufficient answer to the exception. The court was not asked to interfere with the case, in any other manner upon this ground; and we are not at liberty to disturb the verdict as against evidence, whatever may be our views of its abstract justice.

The only remaining question for consideration is whether proof that a disease was communicated by the act of seduction, by which the daughter was rendered unable to work, is

sufficient to maintain the action. This action is not maintainable upon the relation of parent and child, but solely upon that of master and servant. (*Bartley* v. *Richtmyer*, 4 Comst., 38, and cases there cited.) The latter relation existed in this case because the debauched girl was the minor child of the plaintiff, and although living at the time of the seduction with the defendant, the father might have commanded her services at pleasure. (*Martin* v. *Payne*, 9 Johns., 387; *Clark* v. *Fitch*, 2 Wend., 459; *Ingersoll* v. *Jones*, 5 Barb., 661; *Honketh* v. *Barr*, 8 Serg. & Rawle, 36; *Mulvehall* v. *Millward*, 1 Kern., 343; 4 Comst., 38.)

It is not sufficient to sustain the action to prove the seduction merely. That is the wrongful act from which it must appear that a direct injury to the relative rights of the master has followed. The right of the master, as recognized by the law, is to have the services of the servant undisturbed by the wrongful act of another. Whenever the wrongful act, by immediate and direct consequence, deprives the master of the service of his servant, or injuriously affects his legal right to such service, the law gives a remedy. In cases of debauchery, the ordinary consequences that affect the master are the pregnancy and lying-in of the servant, during which she is unable to render him service. Hence the precedents of pleadings in this form of action have perhaps invariably alleged a loss of service through those consequences. But it by no means follows that there is no remedy where the loss of service is the direct effect of the wrongful act, although produced by some other consequence. All that the law can require is *damnum et injuria ;* for these constitute, when directly connected, the proper and complete elements of an action on the case. (3 Stephens N. P., 2353.) And wherever they combine as an immediate cause and effect, the law cannot deny a remedy without a departure from principle.

It is plain that a seducer who imparts to his victim a vile, contagious disease, does an act as abhorrent to morality, and more so to nature, than one who gets her with child. It is less likely perhaps to bring her to public shame, but only because less likely to be disclosed; and it may be

doubted whether the feelings of relatives, rightly appreciative of virtue, would be more lacerated by the one consequence than the other. But these suggestions are aside from the real question, which is, whether the law refuses a remedy to a master who has been deprived of the labor of his servant by a disease communicated by the wrong which consummated her seduction. No case quite like the present has been cited in which the remedy has been denied; and none has been found where the precise question was involved. In *Manvell* v. *Thompson* (2 Car. & P., 303), the plaintiff sued for the seduction of a servant, who was his niece. The evidence of loss was that she was in a state of very great agitation and continued so for some time, and that she received medical attendance, and was obliged to be watched lest she should do herself some injury. The plaintiff was allowed to recover. This was a *nisi prius* case, and its authority is shaken by the criticism of WRIGHT, J., in *Knight* v. *Wilcox* (4 Kernan, 413.) But the last named case did not involve the point of this case, nor the question in *Marvell* v. *Thompson*, so far as that affects the point now under consideration. The question in *Knight* v. *Wilcox* was whether loss of service, produced by illness consequent upon a discovery of the seduction several months after it occurred, was such a direct result of the wrongful act as would sustain the action. This court held that the loss of service in that case did not flow directly from the seduction, but from causes too remote and indirect to be the basis of the action. That principle cannot govern here, for nothing is clearer than that the loss of service in this case was the direct and immediate consequence of the disease imparted by the wrongful act.

In *Boyle* v. *Brandon* (13 Mees. & Wels., 738), the action was for seduction where there was no pregnancy. The girl had lived for a considerable period in criminal intimacy with the defendant. He abandoned her, and she fell sick in consequence of his desertion. The court held that the loss of service did not result from the wrong, but from its cessation, and therefore the action would not lie; but it was not intim-

ated that the action could not be sustained without proof of pregnancy.

In note 30 to 2 Chitty's Blackstone (p. 115, m. p. 143) it is said, "the action would probably be sustained upon the evidence of a consumption or any other disorder contracted by the daughter in consequence of her seduction;" but the remark is sustained by no authority other than the good sense of its author.

But, as already suggested, in the absence of all authority, this action may stand upon sound principle. It is maintainable because a wrongful act has caused a direct injury to a lawful right. In such case, the right of the master to a remedy for an injury to his enjoyment of the services of his servant is equally clear, whether it be produced by beating and wounding the servant, or enticing him from employment, or forcibly abducting him, or wrongfully debauching and impregnating with child, or with disease. Nor, in my judgment, does the remedy depend upon the sex of the servant. The debased woman who lures to her vile embrace an innocent boy, and infects him with loathsome disease, is equally liable to this action if an injury to his master's right to service follow from her crime. No want of precedent would shield her from the consequences of iniquity when injurious to the rights of parties not participating in her guilt.

The fact that a different rule as to damages prevails in actions for seduction than that applied to other injuries to relative rights which result in loss of service, has, in my opinion, no bearing upon the question. We have now to determine the abstract right to maintain any action at all; and that is something quite independent of the question what damages may be recovered if the action be allowed. If the action can be maintained it is not perceived that any rule governing the question of damages has been violated.

I think the judgment below must be affirmed.

WRIGHT, J. The evidence justified the jury in finding, and they must have found, that the plaintiff's minor daughter,

whilst temporarily in the service of the defendant, was debauched by him, and that, from the illicit connection, the daughter contracted a vile disease, on account of which the plaintiff lost her services and incurred medical expenses for her cure. The only question that such a case can possibly present is, whether loss of service from a disorder contracted by the illicit intercourse is sufficient ground to sustain the action; or, to state the proposition a little differently, as the loss of service was the direct result of the seduction, whether an action for seduction can be sustained where there is no pregnancy.

I think it is not essential to the maintenance of the action that the illicit intercourse should be followed by pregnancy. The foundation of the action is, the loss of service resulting to the father or master by the seduction of his servant; and when such loss of service has been actually sustained, as the direct effect of the seduction, it is enough. It certainly cannot be important to the right of action whether the father loses the services of his child by illness arising from pregnancy, or from a vile disorder contracted by connection with her seducer.

The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.