LAURA HITCHMAN, RESPONDENT, *v.* JAMES C. WHITNEY, APPELLANT.

*Seduction — action by mother to recover damages for — Support of illegitimate child.*

In an action by a widow to recover damages for the seduction of her daughter, she is not entitled to recover compensation for the support and maintenance of her daughter's illegitimate child.

*Sargent* v. —— (5 Cow., 106) followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action was brought by the plaintiff, a widow, to recover damages for the seduction of her daughter by the defendant, while she was working as a servant in his house. The principal question considered at the General Term relates to that portion of the

charge, which allowed the plaintiff to recover compensation for taking care of her daughter's illegitimate child. It appeared that after the daughter had left the defendant's house and returned to her mother's she was delivered of a child, and that subsequently in proceedings taken by the poormaster of the town an order was made adjudging the defendant to be the father of the child, in pursuance of which he gave the usual bond, and paid to the plaintiff and her daughter the sum of two dollars per week for its support.

*Wm. H. Sawyer*, for the appellant.

*George Morris*, for the respondent.

LEARNED, P. J. :

The learned justice charged the jury that when the defendant "had connection with this daughter, he was supposed to trespass on the rights of the plaintiff." To this the defendant excepted. The remark, taken alone, might be thought to mean that mere sexual connection with the daughter, gave a right to the plaintiff to recover ; contrary to the doctrine of *Knight* v. *Wilcox* (14 N. Y., 413). But taking the remark in connection with the rest of the charge, it is plain that the ground of recovery was not made to depend on the connection alone. That is, however, the wrongful act. *White* v. *Nellis* (31 N. Y., 405).

The learned justice further charged that the plaintiff was entitled to be compensated for caring for her daughter, and her daughter's child. The defendant requested the court to charge that the plaintiff was not entitled to recover compensation for taking care of the child. The court declined and the defendant excepted.

Evidence had been given by the plaintiff, under defendant's objection, as to the value of the care and maintenance of the child from its birth to the commencement of the action. In the case of *Sargent* v. —— (5 Cow., 106, at page 121), the court say : " The plaintiff is under no legal obligation to support and educate the child ; nor can she be compelled to appropriate the proceeds of this verdict to that purpose ; nor will it afford the defendant any exemption from his liability to provide for the child, when called upon in the regular and due course of law." That case was similar to the present,

and those remarks seem to be just. True, the court in this present case directed the jury to take into consideration the money which the defendant had already paid toward the expense. But the statute makes the mother and the reputed father liable for the support of the child. (1 R. S. [m. p.], 642, § 2.) And the mother of the child in question was still living. So that it is difficult to see what legal obligation lay on the plaintiff. She was allowed, by the court, to recover for the loss of service of her daughter, and also exemplary damages, if the jury thought the case called for them. The expense of the daughter's confinement might be a proper item, but not the expense of supporting and educating the child. And it is worth noticing that the complaint does not set up any such expense as an item of damages.

Under the facts which appear in this case, it is probable that the jury actually took this item into account in determining the damages.

The judgment and order should be reversed and a new trial granted, costs to abide event.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment reversed and new trial granted, costs to abide event.