# New York City Court.

*Trial Term—June,* 1884.

## LELOUP *against* ESCHAUSSE.

**Seduction of daughter. Action by parent.** The action of seduction is based on mere loss of service, but this is eminently a legal fiction. Proof of the slightest loss of service, or the most trifling injury, if the direct result of the act, is sufficient to uphold the action.

McADAM, Ch. J.—The ruling in Knight v. Wilcox (14 *N. Y.* 413), that in cases of seduction not followed by pregnancy no action will lie, has not been well received nor has it been literally followed in this State. In White v. Nellis (31 *N. Y.* 405) a recovery was had in a case where the defendant seduced the plaintiff's servant and communicated to her a venereal disease. That pregnancy is not essential to maintain the action is demonstrated by the fact that if a debased woman lures to her vile embrace an innocent boy, and infects him with a loathsome disease, she is equally liable to this action if an injury to his master's right to service follows the crime (31 *N. Y.* 409).

Nor do I think that either pregnancy or disease is essential to its maintenance where the parent brings the

action. The law will, in such case, imply at least nominal damages from the wrongful act, and these, although slight, will sustain the action. In White v. Nellis (31 *Barb.* 279, affirmed in 31 *N. Y. supra*) and Ingersoll v. Mullen (31 *Barb.* 47), in both of which cases Knight v. Wilcox was cited, it was held that the action would lie though pregnancy did not follow the seduction. The action is founded on the relation of master and servant rather than on that of parent and child, and there should be some loss, however slight.

In Lipe v. Eisenherd (32 *N. Y.* 236) DENIO, Ch. J., said: "The object of the action, in theory, is to recover compensation for the loss of the services of the person seduced. This is so far adhered to that there must be a loss of that kind or the action will fail; but when that point is established, the rule of damages is a departure from the system upon which the action is allowed. The loss of service is often merely nominal, though the damages which are recovered are very large."

The action is based on mere loss of service, though this "is eminently a legal fiction," says *Sedgwick on Damages* (vol. 2, 7 ed. p. 512), "for the damages are generally large, and are left much to the discretion of the jury."

In Lampmann v. Hammond (3 *T. & C.* 294) the court said: "The father may maintain the action for the seduction of his minor daughter, upon the presumption, without proof, of a loss of service, because he is entitled to command such service."

In Ingersoll v. Müller (*supra*, p. 50) the court held that "Proof of the slightest loss of service or the most trifling injury, if the direct result of the unlawful act, is sufficient to uphold the action."

Lord ELDON (in Bedford v. McKowl, 3 *Esp.* 119) said, "In point of form the action only purports to give a recompense for the loss of service, but we cannot shut our eyes to the fact that this is an action brought by the parent for an injury to her child. In such a case, I am of

opinion that the jury may take into consideration all that she can feel from the nature of the loss. They may look on her as losing the comfort as well as the service of her daughter, in whose virtue she can feel no consolation; and as the parent of other children whose morals may be corrupted by her example."

It has been laid down that actions of this sort are brought for example's sake, and although the plaintiff's loss may be pecuniarily small, yet the jury do right in giving liberal damages (*Wood's Mayne on Damages*, 659). The courts have wisely drifted away from the broad rule declared in Knight *v.* Wilcox (*supra*), the practical effect —although not the purpose—of which was to protect libertinism when not followed by pregnancy.

The verdict for the plaintiff was right, and the motion for a new trial must be denied.