OPINION OF THE COURT
Sandra J. Feuerstein, J.
Motion by the defendant, Daniel Patascher, for an order pursuant to CPLR 3211 (a) (7) dismissing the complaint for failure to state a cause of action, is determined as hereinafter provided.
*1016 The complaint in this matter alleges that on November 30, 1996, the plaintiff was a member of the Division Avenue High School wrestling team and. was attending a team practice. The defendant was a former team member, having graduated in 1996, and was observing the team practice.
The complaint states that on the above date the defendant “suffered from the highly contagious ‘herpes simplex’ virus and bore wounds, blisters and/or rashes on and about his head and face.” The plaintiff was allegedly directed to wrestle the defendant and as a result came into direct contact with the defendant’s “herpes simplex” virus, thereby contracting the disease.
The second cause of action in the complaint asserts negligence by the defendant in “recklessly and/or intentionally failing to inform the plaintiff * * * that he suffered from the highly contagious ‘herpes simplex’ virus before engaging in [the] wrestling competition with the plaintiff.”
The defendant now moves to dismiss the complaint for failure to state a cause of action. The defendant contends that there is no valid cause of action in this State for the negligent transmission of a disease through casual contact, nor should there be. I agree with this premise but disagree that wrestling is “casual contact.”
While the particular facts of this case present a novel issue of law, the courts of this State have recognized a cause of action for both intentional and negligent transmission of sexually transmitted diseases (see, White v Nellis, 31 NY 405; Plaza v Estate of Wisser, 211 AD2d 111; Schenk v Devall, 205 AD2d 900; Desideri v Brown, 184 AD2d 247; Maharam v Maharam, 123 AD2d 165; Tischler v Dimenna, 160 Misc 2d 525 [Sup Ct, Westchester County, Lefkowitz, J., 1994]; Doe v Roe, 157 Misc 2d 690 [Just Ct, Rockland County, Apotheker, J., 1993]; Petri v Bank of N. Y., 153 Misc 2d 426 [Sup Ct, NY County, Baer, Jr., J., 1992]).
As in any negligence action, the plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff that was breached and proximately caused the condition alleged. A duty to disclose has been held to exist where the defendant knew or should have known that he or she had a communicable disease (see, Plaza v Estate of Wisser, supra, at 119; Maharam v Maharam, supra, at 170-171; Tischler v Dimenna, supra, at 528; Doe v Roe, supra, at 693).
Contrary to the defendant’s contention, the fact that the cited cases all involve instances of intimate sexual relations is *1017 not dispositive. It is the degree of the contact, rather than its nature, sexual or otherwise, which creates the duty to disclose. Wrestling requires the participants to be in very close, intimate contact with each other. Therefore, the contact required in wrestling is far from casual contact. Due to the degree of contact involved in this sport it is reasonable to impose a duty upon its participants to disclose the existence of serious communicable diseases. Although loathe to create new causes of action in tort, the law must nevertheless adapt to the society in which it exists.
Here the complaint sufficiently states a cause of action for negligent transmission of herpes simplex. The plaintiff has alleged that the defendant knew of his condition and wrestled with the plaintiff without disclosing the condition (see, Plaza v Estate of Wisser, supra, at 119; see also, Weiss v Cuddy & Feder, 200 AD2d 665, 666-667).
Accordingly, the motion is denied.