■ HERBERT MORRIS, Appellant, v DAVIS G. LEWIS, Respondent.—In an action, *inter alia,* to recover damages resulting from defendant's fraudulent representations, plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Westchester County, dated June 28, 1979, which awarded him the principal sum of $17,500 on a jury verdict. The appeal brings up for review an order of the same court, entered May 4, 1979, which denied plaintiff's motion for an order increasing ("correcting") the verdict of the jury to $35,000 or, in the alternative, for a new trial on the issue of damages. Judgment modified, on the law, by increasing the amount of plaintiff's recovery to $35,000; the order is reversed and motion granted accordingly. As so modified, judgment affirmed, with costs to plaintiff, and action remitted to Trial Term for entry of an appropriate amended judgment. Plaintiff brought this action alleging that defendant had fraudulently induced him to invest $35,000 in a nonexistent business venture. Defendant admitted the receipt of $35,000 from plaintiff, but denied having made any fraudulent misrepresentations to him. Although the record before us is limited, it is clear that the figure of $35,000 was the only damage amount discussed at trial. At the close of trial, the jury returned with a five to one general verdict in favor of plaintiff. When the court inquired of the jury as to the actual amount of the verdict, the foreman of the jury indicated that damages were "The total amount discussed." The court then instructed the jury to retire and return with a verdict in a dollar amount. The jury subsequently returned with a unanimous verdict of $17,500. A motion by plaintiff to correct the verdict was subsequently denied. Plaintiff's motion to correct the verdict should have been granted. In an action based on fraud, the true measure of damages is indemnity for the actual pecuniary loss sustained as a result of the wrong *(Reno v Bull,* 226 NY 546). Ordinarily, the actual pecuniary loss sustained as a direct result of fraud which induces the purchase of a chattel is the difference between the amount paid and the value of the article received *(Hotaling v Leach & Co.,* 247 NY 84). In the instant case, the only correct measure of damages is the difference between what plaintiff paid for his investment and what he received. The record shows that plaintiff paid $35,000 and received nothing in return. Rabin, J. P., Cohalan, Martuscello and Weinstein, JJ., concur.