JANE MAHARAM, Respondent, v ROBERT D. MAHARAM, Appellant.

First Department, December 30, 1986

## APPEARANCES OF COUNSEL

*Allan D. Mantel* of counsel *(Rosenthal, Herman & Mantel, P. C.,* attorneys), for appellant.

*Bernard E. Clair* of counsel *(Clair & Daniele,* attorneys), for respondent.

## OPINION OF THE COURT

ROSENBERGER, J.

The plaintiff and defendant were married in June 1952, and two children, now adults, were born of the marriage. On or about July 26, 1983, plaintiff commenced this action by service of a summons and a verified complaint naming Ann Davis as corespondent. In addition to seeking a divorce on grounds of adultery and cruel and inhuman treatment, and distribution of the marital property, plaintiff asserted third and fourth causes of action for compensatory and punitive damages based upon allegations that defendant fraudulently or negligently infected her with the incurable venereal disease, Herpes Simplex II, commonly known as genital herpes. She alleged, *inter alia,* that on or about December 4, 1980, she was diagnosed as having genital herpes, and that "upon information and belief, the defendant on a prior occasion contracted genital herpes through sexual relations with third parties other than his wife."

In his verified answer, the husband admitted one allegation of having committed adultery with Ms. Davis on December 4, 1981 and having, since June 1983, maintained an open and notorious relationship with her at a Virginia residence. He neither admitted nor denied the allegations in the first cause of action concerning adultery between 1978 and 1983, but

denied all of the allegations in the second, third and fourth causes of action regarding his association with prostitutes and the infection of his wife with genital herpes.

Special Term granted the husband's motion for partial reverse summary judgment of divorce in favor of the wife on the ground of the commission of acts of adultery by defendant (Domestic Relations Law § 170 [4]), and severed and reserved for trial the ancillary, economic issues and the cause of action for tort damages. The marriage was terminated by judgment entered February 7, 1984.

Pursuant to an agreement of counsel, the parties deferred discovery regarding the personal injury claims until discovery relating to the claim for a distributive award of the marital assets had been completed. Under the agreement the husband had priority to conduct medical discovery. However, after the wife concluded deposing her husband concerning the financial issues, she served him with a notice to submit to a medical examination and to provide necessary medical authorizations pursuant to CPLR 3121. The husband moved for a protective order vacating the notice. The wife opposed the motion and cross-moved for certain relief not relevant here. By order of July 10, 1985, Special Term granted the motion for a protective order and vacated the notice with leave to the wife "to make an application to reserve [sic] a notice for such examination in conjunction with a showing that the factual allegations made set forth a cause of action. (See, e.g. Warren's Negligence, Vol 5B at 563.)"

The wife thereafter made the invited application. The husband cross-moved for summary judgment dismissing the personal injury claims for failure to state a legally cognizable cause of action, or for an evidentiary hearing to determine the bona fides of the factual allegations. Pending hearing of the motion and cross motion, the husband served a subpoena duces tecum upon the family physician and obtained the medical records of the wife.

By order to show cause obtained on the return date of the other motions, the husband moved for leave to amend the verified answer to interpose the affirmative defense of the Statute of Limitations and for dismissal of the tort claims as time barred. He claimed that the contemporaneously made entry of March 17, 1975 on the medical records of the wife proved she knew, at the latest, that she had been exposed to genital herpes by that date. The entry stated: "Patient comes

in with a heavy vaginal discharge. Relates that she had intercourse with husband a couple of days before he broke out with his herpes progenitalias. Inspection shows small ulcers deep within the vaginal vault with a heavy yellowish-greenish discharge which is taken for culture. Patient is started on sultrin vaginal cream plus vinegar douches."

In opposition to the motion to amend and to dismiss, the wife submitted the affidavit of the family physician. He explained that the reference to the medical term "herpes progenitalias" reflected, not the wife's knowledge, but rather his own knowledge that, by 1975, the husband had contracted the disease. He averred that he had respected the husband's privilege and request that his condition not be disclosed by him to the wife. The physician further averred that the symptoms and the diagnostic culture taken on March 4, 1975 had been consistent with a "bacterial (as opposed to a viral) infection", and that he successfully treated the wife for acute bacterial vaginitis. He recalled first communicating the probable diagnosis of genital herpes to the wife on December 4, 1980. An examination on that date revealed for the first time, an outbreak of viral lesions on her face and vagina.

By order entered March 18, 1986, Special Term granted the motion for an order directing the husband to appear for a physical examination and denied the cross motion for summary judgment, finding that the third and fourth causes of action were viable. The court reasoned that the allegations that the husband had a legal duty to disclose his condition to his wife of 31 years, breached that duty, and that he caused injury were sufficient to state a negligence claim under *Palsgraf v Long Is. R. R. Co.* (248 NY 339 [1928]). As to the fraud claim, the court noted that there is a duty to speak, and in some circumstances the failure to do so is equivalent to fraudulent concealment. Liberally construing the pleadings, in view of the 31-year marriage between the parties, the court held that the wife at "a minimum" stated a claim for constructive fraud.

By order entered March 7, 1986, the court also denied the motion of the husband to amend his pleading, finding that there was no meritorious Statute of Limitations defense. The husband appeals from both orders, which appeals have been consolidated.

■ The record evidence is sufficient to support the order directing the husband to submit to appropriate medical discov-

ery. CPLR 3121 requires a party whose physical condition is "in controversy" to submit to a physical examination upon notice from another party. Although the husband did not affirmatively place his condition in controversy by counterclaim or excuse, it is in controversy because "he ha[s] undergone a prior physical examination which substantiate[s] or [gives] credence to the allegations of the plaintiff's complaint." *(Koump v Smith,* 25 NY2d 287, 299 [1969]; *see, Constantine v Diello,* 24 AD2d 821 [4th Dept 1965].) The affidavit of the family physician averring that he knew the husband had genital herpes since 1975 constitutes evidence of a prior physical examination which supports the wife's allegations. Ironically, the medical entry relied upon by the husband contradicts his verified denial and provides the strongest evidence of a causal link between his outbreak of herpes and the wife's first alleged outbreak. The husband's claim that the wife substantively waived her right to further discovery, based upon the oral agreement between counsel concerning the schedule for medical discovery in the event a financial settlement could not be reached, is unpersuasive. We believe that counsel for the wife would have memorialized any agreement to waive rights as to this important aspect of the litigation in a formal, written stipulation.

██ We agree with Special Term's conclusion that the wife stated legally cognizable causes of action for wrongful transmission of genital herpes on theories of either fraud or negligence. In her third cause of action for fraud, the wife alleges that the husband knew or should have known that he had contracted a venereal disease, that he had an affirmative duty to disclose his condition to his wife, but failed to do so, and that he intentionally misrepresented his condition to her, causing her to contract an incurable, debilitating, and painful disease. As Special Term found, the 31-year marital relationship gave rise to an affirmative "legal duty to speak", and the allegation that the husband failed to disclose his condition adequately states a cause of action for constructive, if not actual, fraud. A duty to speak in the circumstances, given the relationship of trust between the parties, can also be predicated upon Public Health Law § 2307, which states: "Any person who, knowing himself or herself to be infected with an infectious venereal disease, has sexual intercourse with another shall be guilty of a misdemeanor."

In the fourth cause of action, the wife alleges that the husband was grossly negligent in failing to disclose his condi-

tion to her, and that this was the proximate cause of her injury. This states a legally cognizable claim inasmuch as the husband's alleged conduct violates section 2307, a statute enacted for public health and safety, and may therefore be negligent per se. (Restatement [Second] of Torts § 285 [1965].) Furthermore, the wife's essentially uncontroverted allegations that she was virtuous, and the substantial issue of fact on this record as to the husband's condition and adulterous acts between 1978 and 1980, spell out a prima facie case of negligence. *(See, Crowell v Crowell,* 180 NC 516, 105 SE 206 [1920].)

■ The husband asserts that it will be virtually impossible as a matter of law for the wife to establish definitively that he transmitted the disease to her and to rule out conclusively any and all other possible means by which she may have contracted the disease. However, this contention misapprehends the applicable burden of proof. In order to withstand the motion for summary judgment dismissing the tort causes of action for legal insufficiency, the wife was not required to prove causation to a mathematical certainty. Indeed, whether there is a prima facie proof of proximate cause is determined by the trial court " 'upon mixed considerations of logic, common sense, justice, policy and precedent.' " (Prosser and Keeton, Torts § 42, at 279 [5th ed 1984], quoting 1 Street, Foundations of Legal Liability, at 110 [1906].) The wife sustained her burden of proof by adducing evidence which raised a substantial issue of fact as to causation, thus warranting a trial.

The husband contends that the third and fourth causes of action are wholly independent, and in no way derivative in nature of, or dependent upon the fault allegations in, the first cause of action (concerning adultery between 1978 and 1983, which the husband neither denied nor admitted, and therefore admitted [CPLR 3018]) and those in the second cause of action (concerning consortium with prostitutes and causation, which he denied). He maintains that after partial reverse summary judgment was granted, and after the third and fourth causes of action were severed, all of the factual allegations underlying the first and second causes of action were subsumed in the divorce judgment. Assuming, arguendo, that this is true, the allegation in the third cause of action that the husband contracted genital herpes from third parties suffices to apprise him of the circumstances which give rise to the wife's personal injury claims.

■ We agree with the husband that Special Term erred in denying his request for leave to amend the answer so as to

interpose the defense of the Statute of Limitations. The March 7, 1975 entry in the wife's medical records, "[r]elates that she had intercourse with her husband a couple of days before he broke out with his herpes progenitalias", raises a substantial issue of fact as to whether the wife knew that she had contracted genital herpes before the alleged diagnosis five years later. Where, as here, it does not conclusively appear that the plaintiff had knowledge of facts from which fraud could reasonably be inferred, the complaint should not be dismissed, and the question of when plaintiff "could with reasonable diligence have discovered [the fraud]" (CPLR 213 [8]) should be left for the trier of fact. (*Trepuk v Frank,* 44 NY2d 723 [1978].)

Since the husband raised issues of fact as to whether the wife timely commenced her action for tort damages, Special Term should not have given conclusive effect to the explanation by the physician in his affidavit that the March 7, 1975 entry reflected only his knowledge of the husband's condition, and that he did not diagnose the wife's condition until December 4, 1980. To the extent that the explanation is corroborative, it only bears upon the credibility and weight which the trier of fact should give the wife's claim that the tort causes of action accrued on the later date of diagnosis.

Accordingly, the order of the Supreme Court, New York County (Schackman, J.), entered March 7, 1986, which denied the motion of defendant to amend his verified answer to interpose the affirmative Statute of Limitations defense, should be reversed, on the law, and the motion granted, without costs.

The order of the same court, entered March 18, 1986, which granted the motion of plaintiff for an order directing defendant to submit to a physical examination and laboratory tests, and to provide medical authorizations and denied the cross motion of defendant for summary judgment dismissing the third and fourth causes of action in plaintiff's verified complaint, or for an evidentiary hearing, should be affirmed, without costs.

Asch, J. P., Fein, Milonas and Wallach, JJ., concur.

Order, Supreme Court, New York County, entered on or

about March 7, 1986, unanimously reversed, on the law, without costs and without disbursements, and the motion to amend verified answer granted, and order of said court entered on or about March 18, 1986, unanimously affirmed, without costs and without disbursements.