OPINION OF THE COURT
William Rigler, J.
In a complaint dated March 31, 1987, plaintiff wife, in addition to seeking, inter alia, a divorce, has sought compensatory damages from defendant husband. The damages are *1016 sought in the fourth cause of action sounding in fraud and the fifth cause of action sounding in tort for the infliction of "AIDS-phobia”. In response to this complaint, defendant has made a motion to dismiss pursuant to CPLR 3211 on two grounds: 1) Statute of Limitations and 2) failure to state a cause of action. Both parties having submitted papers and the court having heard oral arguments now renders the following decision:
As plaintiff correctly notes "[o]n a motion to dismiss a complaint, the court must accept the facts as true” (219 Broadway Corp. v Alexander’s, Inc., 46 NY2d 506, 509 [1979]; Underpinning & Found. Constructors v Chase Manhattan Bank, 46 NY2d 459 [1979]). The court must then determine whether the set forth facts fit within a cognizable legal theory. (Rovello v Orofino Realty Co., 40 NY2d 633 [1976].)
The court will first turn to defendant’s claim that the fourth and fifth causes of action are barred by the three-year Statute of Limitations of CPLR 214 (4). Taking the allegations of plaintiff as true, she sets forth in paragraph 7 (k) of her complaint that defendant told her of his homosexual activities in May 1986, well within the three-year time limit. The paragraph relied upon by defendant for setting plaintiffs knowledge of the homosexual activities back to 1983 merely alleges that the defendant had such activities then. It does not state that she knew of those activities at that point in time. Therefore, the claims as set forth in the fourth and fifth causes of action are not barred by the Statute of Limitations.
The fourth cause of action sounds in fraud. To state a claim in fraud the general rule is that the plaintiff must allege "(1) a misrepresentation of fact, (2) which was false and known to be false by the defendant, (3) that the representation was made for the purpose of inducing the other party to rely upon it, (4) the other party justifiably did so rely, (5) causing injury (see, Channel Master Corp. v Aluminum Ltd. Sales, 4 NY2d 403; Roney v Janis, 77 AD2d 555; Brown v Lockwood, 76 AD2d 721; Restatement, Torts 2d, § 525; 24 NY Jur, Fraud and Deceit, § 14)” (Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc., 88 AD2d 461, 467 [2d Dept 1982]).
Turning to the last element first, in order to state a viable fraud claim a party must allege an injury. The New York courts have generally held that such an injury should be pecuniary in nature. (See, Dress Shirt Sales v Hotel Martinique Assocs., 12 NY2d 339 [1963]; see also, Morris v Lewis, 75 *1017 AD2d 844 [2d Dept 1980]; Shults v Henderson, 625 F Supp 1419, 1426 [WD NY 1986].) The claim cannot be for public disgrace. (Cable v Hechler, 532 F Supp 239 [ED NY 1981], affd 685 F2d 423 [2d Cir 1982].)
In the case at bar the salient paragraph in the complaint is No. 27. It reads: "By virtue of defendant’s fraud and deceit, plaintiff has been exposed to humiliation, embarrassment and the possible threat of being victimized by Acquired Immune Deficiency Syndrome (AIDS)”. Clearly, an alleged injury solely for humiliation, embarrassment and a possible threat are not viable injuries from fraud under New York law.
The court notes that the plaintiff’s reliance on the First Department’s decision of Maharam v Maharam (123 AD2d 165 [1st Dept 1986]) is misplaced insofar as she relies on it to support her fraud claim. In Maharam, the husband in question had genital herpes and allegedly transferred it to the wife who was now suing for divorce and monetary damages. She in fact had the genital herpes. The fraud was set forth as "the wife alleges that the husband knew or should have known that he had contracted a venereal disease, that he had an affirmative duty to disclose his condition to his wife, but failed to do so, and that he intentionally misrepresented his condition to her, causing her to contract an incurable, debilitating, and painful disease” (supra, 123 AD2d, at 170).
This is a far cry from the present case in which it is alleged that the husband knew or should have known that he may have had contact with a party who had a disease which may have been transmitted to him, that he had an affirmative duty to disclose the fact that he may have been exposed to the disease which may have been transmitted to him, but failed to do so, and that he intentionally misrepresented his condition (that he may have been exposed to the disease and may have had it transmitted to him) to her, causing her not to contract the disease (which is clearly a deadly disease), not to be definitely exposed to the disease, but rather possibly exposing her to the disease and thereby resulting in embarrassment. This connection is tenuous at best.
The result of allowing this matter to go forward on the fraud claim would be that any person who conceals a fact or rather a possible fact would be liable for anyone’s anxiety resulting from the concealment. This clearly is stretching the law too far. Therefore, without even addressing the other elements of fraud, the fourth cause of action fails and must be dismissed.
*1018 The court will now address plaintiffs fifth cause of action which seems to be a claim for the intentional infliction of emotional distress. The essential paragraphs of the complaint read:
"46. That solely by reason of defendant’s breach of his confidential relationship with plaintiff and defendant’s failure to disclose his homosexuality and 'at high-risk’ candidacy for ARC and AIDS, plaintiff has sustained severe emotional and psychological distress and potentially life-threatening disabilities.
"47. That by reason of defendant’s breach of his confidential relationship with plaintiff and defendant’s failure to disclose his homosexuality and 'at risk’ candidacy for ARC or AIDS, plaintiff has endured great pain and suffering and has incurred a severe traumatic neurosis manifested by depression, anxiety, obsessional symptoms and severe AIDS-phobia evidenced also by frequent crying spells, sleeplessness, nervousness, paranoia, and outbursts of rage”.
Clearly plaintiff is trying to circumvent the dictates of equitable distribution by attempting to obtain a money judgment for acts which are the bases for her divorce action. She is attempting to obtain a division of the marital property based on fault. Division of property by degree of fault has clearly been disallowed in this State absent a showing of exceptional circumstances (see, Blickstein v Blickstein, 99 AD2d 287 [2d Dept 1984]; Hopper v Hopper, 103 AD2d 911 [3d Dept 1984]; Pacifico v Pacifico, 101 AD2d 709 [4th Dept 1984]; McMahan v McMahan, 100 AD2d 826 [1st Dept 1984]). The court will not countenance this blatant attempt to avoid the dictates of the Legislature. If plaintiff believes this is an exceptional circumstance requiring the use of fault for property distribution, let her press that point within her matrimonial causes of action.
In addition, the courts of New York have been reluctant to recognize claims for damages for the infliction of emotional distress. In fact, the Court of Appeals has noted that "[i]n the absence of contemporaneous or consequential physical injury, courts have been reluctant to permit recovery for negligently caused psychological trauma, with ensuing emotional harm alone”. (Johnson v State of New York, 37 NY2d 378, 381 [1975], citing Restatement [Second] of Torts § 436 A, and Prosser, Torts § 54, at 328-330 [4th ed]; cf., Weicker v Weicker, 22 NY2d 8, 12 [1968].)
The reluctance of the courts to recognize this type of tort *1019 not based on any tangible injury is precisely to avoid the type of claim raised by the fifth cause of action before this court now. The court is faced with a psychological claim based on a fear that is based on attenuated probabilities which in turn are based not on any medical fact or proof, but instead on the recollections of a phone call made by plaintiff all of which adds up to plaintiff alleging that she has been inflicted with a made-up condition, "AIDS-phobia”.
To allow this claim to stand would amount to the opening of Pandora’s box. If this cause of action were permitted to continue, any party to a matrimonial action who alleged adultery would now have a separate tort action for damages for "AIDS-phobia” because unfortunately in this day and age any deviation from the marital nest could possibly result in exposure to AIDS. Certainly any claim that a spouse interacted with a prostitute would, under plaintiff’s view, be grounds for damages separate from equitable distribution. Any person who had a blood transfusion within the last eight years would have to disclose this fact to their prospective or current spouse or risk a damages action for "AIDS-phobia” since such a transfusion may have resulted in an exposure to the AIDS virus. The law can be stretched only so far.
Plaintiff’s reliance on Ferrara v Galluchio (5 NY2d 16 [1958]) is not helpful to this court. In Ferrara, the plaintiff, as part of a medical malpractice action for the improper irradiation of her shoulder, put in a claim for "cancer-phobia”, or fear of contracting cancer from the radiation. The Court of Appeals permitted this "phobia” claim to remain, even though the plaintiff , never contracted cancer. Two important distinctions between Ferrara and the present matter exist. First, in Ferrara the emotional distress claim was part of a larger action which actual physical injury occurred. The union of the physical with the emotional was essential for the Court of Appeals. Thus, the court was not addressing an action just for emotional distress as exists here. Second, in Ferrara the allegation was that the "phobia” was based on a statement from a treating doctor advising the plaintiff to appear for regular checkups to be examined for any signs of cancer. Thus, the distress exhibited by the plaintiff in Ferrara was based on medical advice from a physician treating an actual condition. In the present case, the court is asked to entertain a claim for distress based on generalized information from lay people not specific to plaintiff and not specific to her situation. She does not even have or allége a condition upon which the *1020 emotional distress is based. In fact, she does not even allege that the defendant has the condition or virus upon which she bases her claim. Therefore, plaintiff cannot find any support for her position in Ferrara.
Similarly, plaintiff may not rely on Maharam (123 AD2d 165, supra) to support her emotional distress claim. In Maharam, the First Department permitted a tort claim for actual physical injury (the contracting of genital herpes) to continue. The court reasoned that the allegation that the husband’s gross negligence in failing to disclose his actual condition (having genital herpes) to his wife and the reasonable allegation that this was the proximate cause of her actual physical injury (contracting herpes) stated a viable claim.
In the present matter, the plaintiff wife alleges that the failure of defendant to tell her of, not his condition (as far as is alleged he has no condition other than being healthy. In fact, the court notes that in papers submitted in support of this motion it has been shown that defendant has taken an AIDS test and it was negative) but rather that he engaged in homosexual affairs is the proximate cause of her mental distress in not contracting AIDS but fearing that she may have been exposed to AIDS. She has not taken a test and refuses to take a test to confirm or dispute the fact that she has or has not been exposed to AIDS. A test could either validate or disaffirm her fears. Thus, Maharam (supra) which is rooted in an actual condition possessed by both parties is of no support for plaintiff’s case which is based on no proof of either party possessing any condition.
Similarly, the recent decisions by the Court of Appeals on psychic injury are not supportive of plaintiff’s position (see, e.g., Martinez v Long Is. Jewish Hillside Med. Center, 70 NY2d 697 [1987]; Bovsun v Sanperi, 61 NY2d 219, 233 [1984]). In each of those cases, which specifically enlarged the law based on particular facts, there was a specific precipitating incident which brought on the alleged emotional distress. In Martinez, the event was an abortion needlessly performed on the plaintiff who had strong moral feelings about abortions. The plaintiff consented to abortion based on the incorrect advice of the defendants. The court permitted the recovery for emotional distress (over a strongly worded dissent by Judge Titone) because the psychological injury was "directly caused by [the plaintiff’s] agreeing to an act which * * * was contrary to her *1021 firmly held beliefs. Defendants’ breach of duty was the precipitating and proximate cause of that injury” (supra, 70 NY2d, at 699; emphasis added).
In Bovsun (supra; actually two cases), the psychological injuries were caused during two accidents in which the plaintiffs were within a zone of danger and they saw, or were instantly aware that, a family member was injured or killed. Thus, the court held (over the dissents of Judges Kay, Wachtler and Simons) that the plaintiffs having themselves been in danger during the specific incident, were entitled to psychological damages for other aspects of the incident. Again, there was a specific incident and a clear showing of proximate cause in both these cases discussed in Bovsun.
In the present matter, there is no incident on which the court can state "This is the precipitating action.” In fact, the only specific action alleged occurred in May of 1986. At that time the defendant told plaintiff he had had homosexual liaisons. Thereafter the parties refrained from having sexual relations. This amounts to, not a breach of duty by the defendant, but rather, if anything, a responsible action of preventing any potential spread of the AIDS virus. Thus, it cannot be the basis for a tort action.
Furthermore, as noted in the discussion concerning the fraud cause of action, the claim in this matter is a possibility, based on a potential, based on a possibility. The cause and effect claimed by plaintiff are highly attenuated (especially since, as she concedes, a test could resolve the matter). Thus, it does not meet the proximate cause standard necessary for a viable tort claim. (See, Palsgraf v Long Is. R. R. Co., 248 NY 339 [1928].)
This area of law of psychological distress has been expanded slowly by the Court of Appeals and generally limited to specific sets of facts. Therefore, the specifics of any particular case are necessarily important. This court will not, based on the highly attenuated and speculative allegations contained in the complaint before it, go far beyond the dictates of this State’s highest court and thereby open the floodgates of psychological injury or "phobia” cases.
Based on the foregoing, defendant’s motion to dismiss the fourth and fifth causes of action must be granted.