[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike count one of the plaintiff's amended complaint, which sounds in negligence, on the ground that one who has a venereal disease and transmits it to a married person who, in turn, passes it on to his spouse, owes no duty to inform the third-party spouse of her disease.
The defendant moves to strike count two of the plaintiff's amended complaint, which sounds in reckless misconduct, on the ground that the factual allegations contained therein are virtually identical to those in count one and the plaintiff makes no factual allegations that the defendant engaged in conduct designed to injure the plaintiff.
On May 3, 1995, the plaintiff, Joanne Cerniglia, filed a two-count amended complaint alleging that during the months of June, July, and August 1993, the defendant, Dawn Levasseur, had sexual relations with the plaintiff's husband, John Cerniglia. The plaintiff further alleges that the defendant did not disclose and warn John Cerniglia and the plaintiff that the defendant was suffering from herpes, a sexually transmitted disease which she transmitted to John Cerniglia. The plaintiff alleges that the defendant's conduct caused her to suffer injuries, as a result of contracting the contagious disease.
Counts one and two sound in negligence and recklessness, respectively. In count one, the plaintiff alleges that the defendant was negligent in having sexual relations with the plaintiff's husband without warning the plaintiff's husband and the plaintiff that she was suffering from herpes. In count two, the plaintiff alleges that the defendant's conduct created an unreasonable risk of bodily harm to the plaintiff and, thereby, constitutes reckless misconduct.
On June 5, 1995, the defendant filed a motion to strike accompanied by a memorandum of law in support of her motion. As to count one, the defendant asserts that the plaintiff fails to state a claim for which relief can be granted in that the CT Page 9130 defendant owed no duty to the plaintiff and no acts of the defendant proximately caused injury to the plaintiff. Additionally, the defendant asserts that count two fails to allege the specific aggravating facts which would support a claim for recklessness.
On July 6, 1995, the plaintiff timely filed a memorandum in opposition to the defendant's motion. Additionally, on July 25, 1995, the defendant filed a supplemental memorandum of law in support of her motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Citations omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). "The motion to strike . . . admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 136, 142,561 A.2d 432 (1989). "The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. BridgeportHousing Authority, supra, 208 Conn. 170.
Count One — Negligence
A thorough research of Connecticut case law reveals that no court in this state has addressed the issue of whether a plaintiff spouse can properly bring a cause of action for negligence and reckless misconduct against one who transmits a venereal disease to his or her spouse who, in turn, transmits the disease to the plaintiff spouse. Hence, this court must look to the case law in other jurisdictions for guidance in the resolution of this issue.
Other jurisdictions have a longstanding rule that "one who has a contagious disease must take the necessary steps to prevent the spread of the disease. This standard of care has been imposed by the courts in cases concerning the spread of communicable diseases such as tuberculosis." Mussivand v. David,549 N.E.2d 265 (Ohio 1989); See also Earle v. Kuklo, 26 N.J. Super 471,98 A.2d 107 (1953); Jones v. Stanko, 118 Ohio St. 147, 160 N.E. 456
(1928) (above standard imposed where plaintiff contracted smallpox from defendant); Skillings v. Allen, 143 Minn. 323,173 N.W. 663 (1919) (above standard imposed where plaintiff contracted scarlet fever from defendant); and Crim v.International Harvester Co., 646 F.2d 161 (C.A. 5, 1981) (above standard imposed where plaintiff contracted valley fever from CT Page 9131 defendant).
"The general principle is well established that a person who negligently exposes another to an infectious or contagious disease, which such other thereby contracts, is liable in damages therefor . . . . The degree of diligence required to prevent exposing another to a contagious or infectious disease depends upon the character of the disease and the danger of communicating it to others. In order to show negligence in exposing another to a contagious or infectious disease, it must be proved that the defendant knew of the presence of the disease." (Citations omitted.) Mussivand v. David, supra, 544 N.E.2d 269.
Several jurisdictions have allowed tort actions for negligent, fraudulent or intentional transmission of genital herpes where the person infected with genital herpes fails to disclose to his or her sexual partner that he or she is infected with the disease. See B.N. v. K.K., 312 Md. 135, 538 A.2d 1175
(1988) (nurse who alleged that physician, with whom she had romantic relationship, knew he had genital herpes, but nonetheless engaged in sexual intercourse with the nurse without divulging that information, which resulted in transmission of disease to her, stated cognizable claim for negligence and fraud under Maryland law); Maharam v. Maharam, 123 App.Div.2d 165,510 N.Y.S.2d 104 (1986) (court held wife could maintain action against husband for wrongful transmission of genital herpes on theories of either fraud or negligence); S.A.V. v. K.G.V.,708 S.W.2d 651 (Mo. 1986) (wife who alleged that during marriage husband contracted herpes and willfully, recklessly, and negligently transmitted the disease to her without informing her of his infection raised a cognizable claim); Long v. Adams,175 Ga. App. 538, 333 S.E.2d 852 cert. denied (Ga. 1985) (plaintiff ex-boyfriend could recover damages from defendant paramour under negligence theory where paramour transmitted herpes to plaintiff); and Berner v. Caldwell, 543 So.2d 686 (Ala. 1989) (court held woman could maintain action against former boyfriend where she alleged that he negligently or intentionally transmitted herpes to her). Thus, persons with a venereal disease have a duty to use reasonable care to avoid infecting others with whom they engage in sexual conduct.
"A reasonable person should know that if he/she has a contagious, sexually transmissible disease like genital herpes, the disease is likely to be communicated through sexual contact. Thus people suffering from genital herpes generally have a duty CT Page 9132 either to avoid sexual contact with uninfected persons or, at least to warn potential sex partners that they have herpes before sexual contact occurs." Mussivand v. David, supra, 544 N.E.2d 269-70. However, with the exception of Mussivand, all of the above-cited cases differ from the present case in one very important aspect: that is, the plaintiff in the present case alleges that the defendant owed her a duty even though the plaintiff was not the defendant's sexual partner and had no direct sexual contact with the defendant.
The dispositive issue for the resolution of the motion to strike as to count one therefore, is whether a person infected with a venereal disease owes a duty to inform the spouse of his or her paramour. Determining whether a duty exists is crucial because "[o]nly if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Citations omitted.)Petriello v. Kalman, 215 Conn. 377, 382-83, 576 A.2d 474 (1990). "If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384-85, 650 A.2d 153 (1994).
To establish actionable negligence, one must show in addition to the existence of a duty, a breach of that duty and injury resulting proximately therefrom. See Catz v. Rubenstein,201 Conn. 39, 44, 513 A.2d 98 (1986). The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. RK Constructors,Inc. v. Fusco Corp., 231 Conn. 385.
A person who has a venereal disease does not have the duty to disclose his or her condition to everyone. As has been stated by other jurisdictions, "[i]t should be made clear that this court is not stating . . . that herpes victims have a specific duty to warn any person of their condition; however, they, like all citizens, are to be guided by those considerations which ordinarily regulate the conduct of human affairs, and they may be sued in this state for negligence in the omission to do something which a reasonable person would do." Long v. Adams, supra,175 Ga. App. 540, 333 S.E.2d 855.
In finding the reasoning in other jurisdictions persuasive, the court in Mussivand v. David, supra, 544 N.E.2d 265, held "that a person who knows, or should know, that he or she is CT Page 9133 infected with a venereal disease has the duty to abstain from sexual conduct or, at the minimum, to warn those persons with whom he or she expects to have sexual relations of his or her condition." Id., 270.
In her memorandum in support of her motion to strike, the defendant argues that the plaintiff has no cause of action because the defendant owed no duty of care to the plaintiff. The defendant further argues that "if [she] owed a duty, it was to the plaintiff's philandering husband, not to the plaintiff."
In response, the plaintiff argues that the defendant did, in fact, owe a duty of care to inform the plaintiff of her exposure to herpes. As such, the plaintiff argues that the defendant is liable to her for the plaintiff's resultant injuries.
As explained earlier, the existence of a duty depends upon the foreseeability of the injury to the plaintiff. RKConstructors, Inc. v. Fusco Corp., supra, 231 Conn. 384-85. Additionally, the test for foreseeability is whether the ordinary prudent person in the defendant's position would anticipate that harm of the general nature of that suffered was likely to occur. Id. Thus, whether the defendant owed the plaintiff a duty turns on whether a reasonably prudent person would have anticipated that the plaintiff would be injured by way of the defendant's alleged negligence.
In the present case, the plaintiff alleges that the defendant, who was suffering from herpes, engaged in sexual relations with a married man. The plaintiff further alleges that the defendant did not disclose and warn the plaintiff or the plaintiff's husband that she was suffering from herpes. A reasonably prudent person would anticipate that a husband and wife will engage in sexual relations. If one negligently exposes a married person to a sexually transmissible disease without informing that person of his or her exposure, it is reasonable to anticipate that the disease will be transmitted to the married person's spouse. Thus, as the court in Mussivand v. David, supra,544 N.E.2d 265, reasoned, "liability to a third party for failure to disclose to the original sexual partner turns on whether, under all the circumstances, injury to the third-party spouse was foreseeable." Id., 272.
Next, the defendant argues that the proximate cause of any injury sustained by the plaintiff was not anything the defendant CT Page 9134 did. Rather, the defendant argues "the proximate cause of the plaintiff's injury was the conduct of her husband."
In response, the plaintiff, citing Lombardi v. Wallad,98 Conn. 510, 120 A.2d 291 (1923), argues that "[i]f the owner of anything culpable in its nature of doing injury negligently leaves it unguarded and exposed in a public place and it be set in motion by a negligent person, the owner will be held responsible for injuries consequently suffered by a third person not himself careless." Therefore, the plaintiff argues that the defendant is the legal or proximate cause of her injuries.
Proximate cause exists where there is "a sequence of events unbroken by a superseding cause." Coburn v. Lenox Homes, Inc.,186 Conn. 370, 383, 441 A.2d 620 (1982). The function of the doctrine of superseding or intervening cause "is to define the circumstances under which responsibility may be shifted entirely from the shoulders of one person, who is determined to be negligent, to the shoulders of another person, who may also be determined to be negligent, or to some other force. D'Arcy v.Shugrue, 5 Conn. App. 12, 24, 496 A.2d 967 (1985).
"The test for finding proximate cause is whether the harm which occurred was of the same general nature as the foreseeable risk created by the defendant's negligence." (Citations omitted; internal quotation marks omitted.) Coburn v. Lenox Homes, Inc., supra, 186 Conn. 384.
Taking the plaintiff's allegations as true, it would have been reasonably foreseeable to the defendant that her engaging in sexual relations with the plaintiff's husband would communicate the herpes virus to the husband who, in turn, would transmit the virus to the plaintiff. If the defendant knew her paramour was married, then it can be said that it was reasonably foreseeable that he would engage in sexual intercourse with his wife. Additionally, if the defendant did not inform the plaintiff's husband of the fact that she had herpes, he could not be an intervening cause. Therefore, the defendant's liability to the plaintiff would not be terminated. Rather, the defendant's negligence would then be the proximate cause of the plaintiff's injury. In short, the "harm which occurred [would be] of the same general nature as the foreseeable risk created by the defendant's negligence." Coburn v. Lenox Homes, Inc., supra, 186 Conn. 384.
Accordingly, viewing the facts alleged in the light most CT Page 9135 favorable to the plaintiff the plaintiff has set forth facts sufficient to establish that the defendant proximately caused the plaintiff's injury and that the conduct of the plaintiff's husband did not supersede the defendant's liability.
This ruling should not be interpreted to mean that the defendant, subsequent to her affair with the plaintiff's husband, will be liable to any and all persons with whom he may have sexual contact. However, a spouse is a foreseeable sexual partner. The liability of a person with a sexually transmissible disease to a third person, such as a spouse, would be extinguished as soon as the paramour spouse knew or should have known that he or she was exposed to or contracted the disease. He or she would then become a "conscious and responsible agency which could or should have eliminated the hazard." (Citations omitted.) Mussivand v. David, supra, 544 N.E.2d 273. Whether the plaintiff's husband knew, or should have known, of his exposure to the venereal disease is a question of fact to be determined by the trier of fact. See Amendola v. Geremia, 21 Conn. App. 35,571 A.2d 131 cert. denied 215 Conn. 803 (1990). Accordingly, the defendant's motion to strike count one of the plaintiff's amended complaint is denied.
Count Two — Reckless Misconduct
In her memorandum of law in support of her motion to strike count two of the amended complaint, the defendant argues that the plaintiff fails to allege the requisite specific reckless conduct needed to support a claim of wanton and reckless misconduct. The defendant further argues that the specific acts alleged in count two are identical to those alleged in count one, except that the word "negligently" is omitted. The defendant argues that no aggravating or additional conduct is alleged which would transform the negligent acts of count one into reckless acts in count two.
In response, the plaintiff argues that her inclusion of explicit language and desirable accuracy in count two sets out her claims "so as to clearly inform opposing counsel of the reckless misconduct relied upon." The plaintiff further argues that the defendant's highly unreasonable conduct involved an extreme departure from ordinary care in a situation where a high degree of danger is apparent. Thus, the plaintiff argues that she has alleged sufficient facts to support a cause of action for reckless misconduct. CT Page 9136
"There is a wide difference between negligence and reckless or wanton misconduct. . . . Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It requires a conscious choice of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable [person]. . . . It is more than negligence, more than gross negligence." Sheiman v. Lafayette Bank Trust Co.,4 Conn. App. 39, 45-46, 492 A.2d 219 (1985). "The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. Willful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. Not only the action producing the injury but the resulting injury must be intentional." (Citations omitted.) Comparone v. Cooper,7 Conn. L. Rptr. 262, 263 (1992) (Lewis, J.).
Viewing the allegations in count two in the light most favorable to the plaintiff, there is no factual basis to support a cause of action for recklessness. The allegations in counts one and two are virtually identical. Furthermore, count two is barren of any facts that would support a conclusion that the defendant intended to injure the plaintiff. Without supporting evidentiary facts, the charge of conscious or implied design to injure" is not properly asserted. See Markey v. Santangelo, 195 Conn. 76,77, 485 A.2d 1305 (1985).
Accordingly, the defendant's motion to strike count two of the amended complaint is granted.