517 So.2d 763 (1987)
Terry Alan OCHAB, Appellant,
v.
MORRISON, INC., D/B/a Ruby Tuesday and Keith Grubb, Appellees.
No. 87-65.
District Court of Appeal of Florida, Second District.
December 30, 1987.
Peter L. Esposito of Law Offices of Peter L. Esposito, Tampa, for appellant.
Ted R. Manry, III and John W. Campbell of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellees.
CAMPBELL, Judge.
In this appeal, we are again asked to establish a cause of action for "wrongful" or "retaliatory discharge" of an employee where the term of employment is "at will" or indefinite and discretionary with either party. Appellant appeals the final order that dismissed with prejudice his complaint that sought damages for his alleged retaliatory discharge. Appellant alleged he was discharged from his employment as a bartender in retaliation for his refusal to continue to serve a patron who had become intoxicated and belligerent.
Appellant urges us to create a cause of action under the circumstances alleged in *764 his complaint by implication of legislative intent from the provisions of section 562.50, Florida Statutes (1985). We perceive no such clear legislative intent. While the legislature has provided criminal penalties for violation of that statute, it has not provided civil remedies. We decline to act where the legislature has chosen not to and, thereby, continue to adhere to our holding in Ponton v. Scarfone, 468 So.2d 1009 (Fla.2d DCA 1985), pet. denied, 478 So.2d 54 (Fla. 1985) and Muller v. Stromberg-Carlson Corp., 427 So.2d 266 (Fla.2d DCA 1983). See also Smith v. Piezo Technology and Professional Administrators, 427 So.2d 182 (Fla. 1983).
Affirmed.
RYDER, A.C.J., and FRANK, J., concur.