646 So.2d 292 (1994)
Tzippora KALISCH, Appellant,
v.
Bernard KALISCH, Appellee.
No. 94-31.
District Court of Appeal of Florida, Third District.
December 7, 1994.
Beckham & Beckham and Pamela Beckham, North Miami Beach, James K. Beckham, Miami, for appellant.
Hicks, Anderson & Blum and Mark Hicks, Keller, Houck & Shinkle, Miami, for appellee.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
BASKIN, Judge.
On September 2, 1993, Tzippora Kalisch filed a negligence action against Bernard Kalisch, her husband, to recover damages for injuries she suffered in a December 1991 boating accident in which her husband was driving the boat. He filed a dismissal motion based on the interspousal immunity doctrine. The court declined to apply Waite v. Waite, 618 So.2d 1360 (Fla. 1993), which abrogated the doctrine, because Mrs. Kalisch's cause of action accrued before the May 27, 1993 Waite decision. The trial court ruled in favor of Mr. Kalisch. This appeal ensued. We reverse.
In Waite, 618 So.2d at 1361, the Florida Supreme Court overruled prior contrary case law and held that the doctrine was no longer a part of Florida's common law. "As a general rule, a decision of a court of last resort which overrules a prior decision is retrospective as well as prospective in its application unless declared by the opinion to have prospective effect only." Melendez v. Dreis & Krump Mfg. Co., 515 So.2d 735, 736 (Fla. 1987). E.g., Ryter v. Brennan, 291 So.2d 55 (Fla. 1st DCA), cert. denied, 297 So.2d 836 (Fla. 1974); Ingerson v. State Farm Mut. Auto. Ins. Co., 272 So.2d 862 (Fla. 3d DCA 1973). A review of the Waite decision reveals that the supreme court did not limit its application. Therefore, we hold that Mrs. Kalisch's action may proceed in accordance with the supreme court's abrogation of the interspousal immunity doctrine. Accord Sleeter v. Collins, 621 So.2d 1096 (Fla. 4th DCA 1993). Accordingly, the order is reversed and the cause remanded for further proceedings.
Reversed and remanded.