660 So.2d 350 (1995)
Carolyn HOGAN, Appellant,
v.
Mark TAVZEL, Appellee.
No. 94-2609.
District Court of Appeal of Florida, Fifth District.
September 8, 1995.
*351 Kurt L. Barch, Orlando, for appellant.
Wendy L. Aikin, Winter Park, for appellee.
W. SHARP, Judge.
Hogan appeals from a Final Judgment which dismissed her second amended complaint with prejudice. She sued her former husband, Tavzel, for negligence, battery, fraudulent concealment, and the intentional infliction of emotional distress. The substance of her complaint was that in 1989-90, through consensual sex, Tavzel infected her with genital warts (condylomhea acuminata) at a time he knew of his disease, but she did not, and she was not warned. The trial court held Hogan's suit was barred by interspousal immunity and that there is no tort of battery for consensual sex which results in the transmission of a sexually transmitted disease. We reverse.
Hogan and Tavzel were married for fifteen years but encountered marital problems which caused them to separate. During a period of attempted reconciliation between October of 1989 and January 1990, Tavzel infected Hogan with genital warts. He knew of his condition but failed to warn Hogan or take any precaution against infecting her. The parties were divorced on May 8, 1990. Hogan brought this suit in 1993. The suit was filed after the Florida Supreme Court's decision in Waite v. Waite, 618 So.2d 1360 (Fla. 1993), which abrogated the doctrine of interspousal immunity.
Tavzel moved to dismiss. The trial court granted the motion on the negligence, fraudulent concealment and intentional infliction of emotion distress counts, on the theory that the Waite decision was not retroactive. He dismissed the battery count because he found that consensual sexual intercourse fails as a matter of law to establish the element of unconsented to touching which is required to sustain the tort of battery. He recognized that section 741.235, Florida Statutes (1985) abrogated interspousal immunity as to the battery count. The trial judge noted that Florida law has not, as yet, recognized a cause of action for battery due to the transmission of a sexually communicable disease.[1] With regard to this issue, we agree this is a case of first impression in this state.
The Third District has taken the position that the Waite decision is retroactive because the Florida Supreme Court did not specifically limit its application. Kalisch v. Kalisch, 646 So.2d 292 (Fla. 3d DCA 1994), rev. denied, 654 So.2d 919 (Fla. 1995). In *352 general, when a court overrules a former decision, it is retrospective and prospective in its operation, unless the overruling opinion specifically declares it to have only a prospective effect. Florida East Co. Railway Co. v. Rouse, 194 So.2d 260 (Fla. 1966); Florida Forest and Park Service v. Strickland, 154 Fla. 472, 18 So.2d 251 (1944); National Insurance Underwriters v. Cessna Aircraft, 522 So.2d 53 (Fla. 5th DCA), rev. denied, 531 So.2d 1352 (Fla. 1988); Hampton v. A. Duda & Sons, 511 So.2d 1104 (Fla. 5th DCA 1987).[2] We have reviewed the Waite opinion and also conclude that nothing in the decision limits it to prospective application. Kalisch. Thus, the counts on negligence, fraudulent concealment and intentional infliction of emotional distress should not have been dismissed as barred by interspousal immunity.
We next turn our attention to dismissal of the battery count. Since this is a case of first impression in Florida, it is appropriate to look to other jurisdictions for guidance. A case similar to the one presented here is Kathleen K. v. Robert B., 150 Cal. App.3d 992, 198 Cal. Rptr. 273 (Cal.2d Dist. 1984). There, a cause of action in battery was approved when one partner contracted genital herpes from the other partner. The facts indicated that the infecting partner had represented he was free from any sexually infectious disease, and the infected partner would not have engaged in sexual relations if she had been aware of the risk of infection. The court held that one party's consent to sexual intercourse is vitiated by the partner's fraudulent concealment of the risk of infection with venereal disease (whether or not the partners are married to each other). This is not a new theory. See, De Vall v. Strunk, 96 S.W.2d 245 (Tx.App. 1936); Crowell v. Crowell, 180 N.C. 516, 105 S.E. 206 (1920).
The Kathleen K. court recognized that
[a] certain amount of trust and confidence exists in any intimate relationship, at least to the extent that one sexual partner represents to the other that he or she is free from venereal or other dangerous contagious disease.
Kathleen K. at 150 Cal. App.3d 996, 198 Cal. Rptr. 273. See also, S.S. v. State Farm & Casualty Co., 808 S.W.2d 668, 671 (Tx.App. 1991), affirmed 858 S.W.2d 374 (Tx. 1993) (no disagreement with theory in Kathleen K. that cause of action for intentional tort exists where person fails to disclose a herpes infection before engaging in sexual intercourse).[3]See generally, Braun v. Flynt, 726 F.2d 245, 255 (5th Cir.1984), cert. denied, 469 U.S. 883, 105 S.Ct. 252, 83 L.Ed.2d 189 (1984) (fraudulently induced consent is the equivalent of no consent).
The Restatement of Torts Second (1977) also takes the view that consent to sexual intercourse is not the equivalent of consent to be infected with a venereal disease. Specifically, it provides the following example:
A consents to sexual intercourse with B, who knows that A is ignorant of the fact that B has a venereal disease. B is subject to liability to A for battery.
Illus. 5 § 892B. Other authorities also conclude that a cause of action in battery will lie, and consent will be ineffective, if the consenting *353 person was mistaken about the nature and quality of the invasion intended. See, Prosser and Keeton, n. 105, § 18 at 119-20; 1986 U.Il.L.Rev. 779 Paul Murray & Brenda J. Winslett, "The Constitutional Right to Privacy and Emerging Tort Liability for Deceit in Interpersonal Relationships."
We see no reason, should the facts support it, that a tortfeasor could not be held liable for battery for infecting another with a sexually transmissible disease in Florida. In so holding, we align ourselves with the well established, majority view which permits lawsuits for sexually transmitted diseases. Hogan's consent, if without the knowledge that Tavzel was infected with a sexually transmitted disease, was the equivalent of no consent, and would not be a defense to the battery charge if successfully proven.
REVERSED AND REMANDED.
DAUKSCH and THOMPSON, JJ., concur.
NOTES
[1] Lawsuits on the negligent transmission of genital herpes have been recognized in this state. Gabriel v. Tripp, 576 So.2d 404 (Fla. 2d DCA 1991). In Schiffhauer v. Schiffhauer, 485 So.2d 838 (Fla. 1st DCA 1986), decided before Waite v. Waite, 618 So.2d 1360 (Fla. 1993) and within the context of a dissolution of marriage action, the court held the husband liable for the wife's future medical bills for treatment of genital herpes which she contracted from him. There has been substantial litigation in other states allowing recovery in tort for the transmission of a sexually infectious disease. See, Berner v. Caldwell, 543 So.2d 686, 690 (Ala. 1989); B.N. v. K.K., 312 Md. 135, 538 A.2d 1175 (1988); R.A.P. v. B.J.P., 428 N.W.2d 103 (Minn.App. 1988); Doe v. Roe, 218 Cal. App.3d 1538, 267 Cal. Rptr. 564 (Cal. 1st Dist. 1990); Long v. Adams, 175 Ga. App. 538, 333 S.E.2d 852 (Ga. App. 1985); Duke v. Housen, 589 P.2d 334 (Wyo.), cert. denied, 444 U.S. 863, 100 S.Ct. 132, 62 L.Ed.2d 86 (1979).
[2] We are aware of the footnote in Fabre v. Marin, 623 So.2d 1182 (Fla. 1993), receded from or other grounds, Wells v. Tallahassee Memorial Regional Medical Center, Inc., 659 So.2d 249, 20 FLW S278 (Fla. 1995), which notes that the wife could have sued her husband if the accident had happened at the time Fabre was decided by the supreme court, because the doctrine of interspousal immunity had been abrogated. However, we interpret this comment to refer to the fact that it was too late for the wife to bring suit in the lower court against her husband because this case originated well before (apparently around 1988) the doctrine of interspousal immunity was abrogated. Additionally, the case involves entirely different issues; noneconomic damages and apportionment of liability among tortfeasors.
[3] The issue of consent was discussed in depth in 1986 U.Il.L.Rev. 779 Paul Murray & Brenda J. Winslett, "The Constitutional Right to Privacy and Emerging Tort Liability for Deceit in Interpersonal Relationships." One must give knowing consent for it to be an effective legal defense; consent is vitiated if it is procured by fraud or concealment. Id. at 793. As noted:

One may also commit a battery in the case of consensual sexual [intercourse] as to the nature of the contact. An action for battery lies in the herpes transmission cases, for example, since consent to sexual intercourse cannot be equated with consent to infection with a `vile and loathsome' disease. (emphasis supplied)
Id. at 809.