681 So.2d 1198 (1996)
Deborah TEMPLE, Appellant,
v.
Narinder S. AUJLA, M.D., Appellee.
No. 95-2316.
District Court of Appeal of Florida, Fifth District.
October 25, 1996.
David W. Glasser of Glasser and Handel, Daytona Beach, for Appellant.
Stephen T. Ball of Maguire, Voorhis & Wells, P.A., Orlando, for Appellee.
PER CURIAM.
Deborah Temple appeals the summary final judgment entered in favor of Narinder Aujla, M.D. arising out of a lawsuit Temple filed against Aujla alleging retaliatory termination. The trial court dismissed Temple's suit on the ground that the legislature had specifically provided a criminal remedy for retaliatory discharge without enumerating a civil cause of action, and therefore, none exists. We affirm.
Aujla fired Temple from her employment at his medical office after Temple informed Aujla that she had taken her sick daughter to another doctor for treatment. Temple brought suit pursuant to section 448.03, Florida Statutes (1995) alleging retaliatory termination.[1] The trial court entered summary final judgment in favor of Aujla.
On appeal, Temple asserts that the trial court should not have entered summary judgment even though section 448.03 does not expressly provide a civil cause of action for retaliatory termination. She contends that the fact that the legislature provided a *1199 criminal penalty evidences its intent that a civil cause of action exists. To support her argument, Temple relies primarily on Smith v. Piezo Technology & Professional Administrators, 427 So.2d 182 (Fla.1983). In Smith, among other things, the Florida Supreme Court was called upon to determine whether an employee who allegedly had been retaliatorily discharged for pursuing a workers' compensation claim had a cognizable cause of action under section 440.205, Florida Statutes. The Smith court recognized that the legislature had proscribed what action was impermissible without enumerating the consequences of disobedience. The supreme court therefore determined that a cause of action existed. The court based its holding on the proposition that a court is authorized to grant a remedy where the legislature has given a right "although in express terms it has not given a remedy...." Id. at 184 (quoting Girard Trust Co., v. Tampashores Dev. Co., 95 Fla. 1010, 1015-16, 117 So. 786, 788 (1928)).
Smith is materially distinguishable from the present case because the legislature failed to create any remedy whatsoever for a violation of section 440.205. In contrast, the legislature did afford a remedy, albeit a criminal one, for one found to have violated section 448.03.
In Ochab v. Morrison, Inc., 517 So.2d 763 (Fla. 2d DCA 1987), the Second District Court of Appeal faced a situation similar to ours and elected to show deference to the legislature. In that case, a bartender brought suit against his employer for retaliatory discharge, alleging that the employer fired him for refusing to sell alcohol to an intoxicated patron. The bartender claimed that such action violated section 562.50, Florida Statutes (1985), which states in relevant part:
Any person who shall sell ... any alcohol beverage ... to any person habitually addicted to ... such intoxicating liquors ... shall be guilty of a misdemeanor of the second degree as punishable as provided in s. 775.082 or s. 775.083.
§ 562.50, Fla. Stat. (1985). The bartender urged the court to create a civil cause of action on the basis that the criminal statute demonstrated a legislative intent to do so. The court refused, stating:
While the legislature has provided criminal penalties for violation of that statute, it has not provided civil remedies. We decline to act where the legislature has chosen not to....
Id. at 764.
Sub judice, like the plaintiff in Ochab, Temple has asked that the court to create a civil remedy where the legislature has already created a criminal one. However, as the Second District correctly noted, where the legislature has spoken by delineating a specific remedy, it is not the judicial branch's role to overstep the legislature's authority and create an additional remedy. If this court were to accept Temple's argument, it would be impermissibly legislating from the bench. We believe that Ochab states the correct policy, and accordingly, we affirm.[2]
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.
DAUKSCH, J., dissents, with opinion.
DAUKSCH, Judge.
I respectfully dissent.
I recognize the case cited by the majority is applicable but disagree with its holding and rationale. I do not agree it is up to the judiciary always to wait for the legislature to enact a law when justice is sought and no specific legislation allows recompense from a wrongdoer. The common law may be changed when the reason for the law no longer exists or when change is warranted by public necessity or required to vindicate fundamental rights. U.S. v. Dempsey, 635 So.2d 961 (Fla.1994). In Hoffman v. Jones, 280 So.2d 431 (Fla.1973), the judiciary, starting with the Court of Appeal and without waiting for the legislature, declared that justice demands that an injured person be compensated by a negligent tortfeasor even though the injured person is partly at fault. That was a *1200 court-mandated change, as were the cases involving interspousal and intrafamilial immunity. See Waite v. Waite, 618 So.2d 1360 (Fla.1993); Snedaker v. Snedaker, 660 So.2d 1070 (Fla. 4th DCA 1995); Hogan v. Tavzel, 660 So.2d 350 (Fla. 5th DCA 1995), rev. den., 666 So.2d 901 (Fla.1996); Hudson v. Moss, 653 So.2d 1071 (Fla. 3d DCA 1995), rev. den., 673 So.2d 29 (Fla.1996); Kalisch v. Kalisch, 646 So.2d 292 (Fla. 3d DCA 1994), rev. den., 654 So.2d 919 (Fla.1995). The legislature has not really acted in this area but the courts have done so. See the erosion over the years of the impact rule. Zell v. Meek, 665 So.2d 1048 (Fla.1995); Kush v. Lloyd, 616 So.2d 415 (Fla.1992); Champion v. Gray, 420 So.2d 348 (Fla. 5th DCA 1982), quashed, 478 So.2d 17 (Fla.1985). Other examples include the courts' decisions in Dempsey (parent of negligently injured child may recover for permanent loss of filial consortium suffered as a result of significant injuries resulting in child's permanent disability) and Paoli v. Shor, 345 So.2d 789 (Fla. 4th DCA), approved, 353 So.2d 825 (Fla.1977) (doctrine of interspousal immunity does not control over uniform contribution among joint tortfeasors act to prevent one tortfeasor from seeking contribution from another tortfeasor when other tortfeasor is spouse of injured person who received damages from first tortfeasor). These are all cases rendered during my short stay on the bench in Florida. Others exist before my time and on the federal level examples abound. See Gates v. Foley, 247 So.2d 40 (Fla.1971) (wife may maintain cause of action for loss of husband's consortium); Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla.1957) (municipal corporation may be held liable for torts of police officers under respondeat superior doctrine); Randolph v. Randolph, 146 Fla. 491, 1 So.2d 480 (1941) (modified common law doctrine that father has superior right to custody of child); Banfield v. Addington, 104 Fla. 661, 140 So. 893 (1932) (married women no longer exempt from causes of action based on contract or mixed contracts in tort); Waller v. First Sav. & Trust Co., 103 Fla. 1025, 138 So. 780 (1931) (action for compensatory damages for personal injuries does not die with tort-feasor but survives against his personal representative).
Courts must do justice, especially when the legislature fails to do justice. Here is such a case. Appellant was fired by her employer for using a competitor's services. That firing was violative of a criminal statute which says:
448.03 Threat of discharge to compel employee to trade with any particular firm or person; penalty.Any person or persons, firm, joint stock company, association or corporation organized, chartered or incorporated by and under the laws of this state, either as owner or lessee, having persons in their service as employees, who shall discharge any employee or threaten to discharge any employee in their service for trading or dealing, or for not trading or dealing as a customer or patron with any particular merchant or other person or class of persons in any business calling, or shall notify any employee either by general or special notice, directly or indirectly, secretly or openly given, not to trade or deal as a customer or patron with any particular merchant or person or class of persons in any business or calling, under penalty of being discharged from the service of such person, firm, joint stock company, corporation or association shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
If the employer should be jailed for his wrongdoing, why should he not be required, under civil law, to pay damages to the person he injured? No logic exists to deny appellant the remedy for the wrong she suffered. Not only does this case result in a breach of appellant's right as recognized under the above statute, but also, it is violative of her right of freedom of contract.
In my opinion the complaint states a cause of action for a civil wrong, wrongful termination, and appellant should be allowed to proceed to establish liability and damages.
I would sustain the complaint.
NOTES
[1] Section 448.03 states:

Any person ... either as owner or lessee, having persons in their service as employees, who shall discharge any employee or threaten to discharge any employee in their service for trading or dealing, or for not trading or dealing as a customer or patron with any particular merchant or other person or class of persons in any business calling, or shall notify any employee either by general or special notice, directly or indirectly, secretly or openly given, not to trade or deal as a customer or patron with any particular merchant or person or class of persons in any business or calling, under penalty of being discharged from the service of such person ... shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
§ 448.03, Fla. Stat. (1995).
[2] We note that, in enacting section 448.103, Florida Statutes (1995), the legislature expressly provided for a civil remedy. It enacted no similar provision in section 448.03.