707 So.2d 400 (1998)
Deborah Haigh DELAY, Appellant/Cross-Appellee,
v.
Daniel Allen DELAY, Sr., Appellee/Cross-Appellant.
No. 97-1164.
District Court of Appeal of Florida, Fifth District.
March 13, 1998.
*401 Nathan G. Dinitz, Daytona Beach, for Appellant/Cross-Appellee.
George S. Pappas, Daytona Beach, for Appellee/Cross-Appellant.
W. SHARP, Judge.[1]
Deborah Delay appeals from a final summary judgment against her on Count II, and in favor of her former husband Daniel Delay. Deborah filed a two-count complaint against her husband in 1996. Count I was for dissolution of marriage. That count was tried separately and disposed of before the court addressed Count II. In Count II, the former wife brought a tort claim against Daniel for having wrongfully exposed her to AIDS by misrepresenting to her he had been tested for sexually transmissible diseases, and had no problems, when he, in fact, was HIV positive. Deborah represents she would not have engaged in unprotected sex with him, or married him had she known of his condition. We affirm.
The record on appeal shows without material dispute that Daniel told Deborah before they started having sexual relations that he had been tested for AIDS and other sexually transmitted diseases and he had tested negative. There is no indication in the record whether he was tested prior to establishment of their relationship. He did have various minor health problems prior to the parties' marriage and thereafter, that indicate he was then HIV positive, but the various doctors they consulted did not suggest he be tested and they apparently did not suspect HIV was a cause of his problems.
The parties married in 1989. They had a son born in 1991. In 1991, Daniel was arrested for lewd and lascivious conduct and was required to be tested for AIDS. When the parties learned Daniel tested positive for HIV, both were devastated. Shortly thereafter, the HIV virus manifested into AIDS.
As a consequence, Deborah and Daniel ceased having unprotected sexual relations. Deborah had their child tested and his results were negative. Deborah has undergone testing every six months since the discovery and has tested negative. Her most recent test was in September of 1996. She testified she lived in fear of getting AIDS, and that no doctor had been able to tell her she might not yet get it from Daniel, although their last unprotected sexual contact was in 1992.
The medical testimony in the record established that it is likely Daniel was HIV positive prior to 1988, but neither Daniel or Deborah knew of this before 1992. Dr. Bonita Sorensen, director of the Volusia County Health Department, who specializes in HIV and AIDS patients, testified in a deposition that because of the lapse of time between the parties' last unprotected sexual relations and Deborah's negative test in 1996, within a reasonable degree of medical certainty and probability, Deborah did not acquire the disease from Daniel. She said 95% of persons exposed to AIDS test positive within three months; 4% test positive within six months; and the remaining 1% within one to three years. Deborah had exceeded these time limits.
In arguing that she established the basis for a tort claim against her former husband, Deborah relies on Hogan v. Tavzel, 660 So.2d 350 (Fla. 5th DCA 1995). In Hogan, a case of first impression in this state, we held that a person could be held liable in tort for sexual contact which caused another to become *402 infected with a sexually transmissible disease. We relied on various out-of-state cases which recognized such a cause of action. However, in all of those cases, as well as in Hogan, it was established that the tortfeaser knew he or she had the disease, and either fraudulently concealed the exis tence of the disease, or actively misrepresented to the plaintiff he or she did not have the disease.
In Hogan, we also relied upon Restatement (Second) of Torts (1977) § 892B. It provides that consent to sexual relations is not the equivalent of consent to be infected with a sexually transmissible disease. We quoted the following example:
A consents to sexual intercourse with B, who know that A is ignorant of the fact that B has a venereal disease. B is subject to liability to A for battery.
In that example it is clear that B knew B had a venereal disease and A did not.
In this case, the record shows that Daniel did not know that he had AIDS or was HIV positive at the time the parties first engaged in sexual relations and later married. He possibly did misrepresent the fact that he had been previously tested and found negative. But Deborah was unable to muster any evidence to clearly establish the falsity of that representation. Further, Deborah was unable to muster any evidence that Daniel knew or suspected he was in fact HIV positive, until he was ultimately found positive in 1992. Absent evidence which could create a disputed issue of fact concerning whether the defendant knew or had good reason to know he or she had a sexually transmissible disease,[2] we think this new, evolving tort has not been established.
Counsel for Daniel also argued at the trial level and on appeal that no cause of action was established in this case because it is unlikely that Deborah caught the disease from Daniel and thus suffered no damages. AIDS is currently a fatal disease. A person who is unwillingly exposed to the HIV virus can reasonably be expected to suffer fear and anxiety, incur a need for medical testing and attention over a time period, and perhaps suffer loss in other relationships. See Future Disease or Condition or Anxiety Related Thereto as Element of Recovery, 50 A.L.R.4th 13; Tischler v. Dimenna, 160 Misc.2d 525, 609 N.Y.S.2d 1002 (N.Y.Sup. 1994). Whether or not such elements, standing alone, can provide a basis for recovery in this still developing tort, we do not need to address and we leave for another day.
AFFIRMED.
GRIFFIN, C.J., concurs.
GOSHORN, J., concurs in result only.
NOTES
[1] W. Sharp., J., did not participate in oral argument.
[2] See Doe v. Doe, 136 Misc.2d 1015, 519 N.Y.S.2d 595 (N.Y.Sup.1987); Doe v. Johnson, 817 F.Supp. 1382 (W.D.Mich. 1993).